UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

CASE #: 05-80441

vs.

HON. GERALD E. ROSEN

KARL R. KAECHELE, JR.
    DEFENDANT.

| AUSA John N. O'Brien, II | Harold Gurewitz (P14468) |
|---|---|
| U.S. Attorney's Office | Counsel for Defendant |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1100 |
| (313) 226-9715 | Detroit, MI 48226 |
| | (313) 628-4733 |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
JOURNALS AND ADMISSIONS AS EVIDENCE
AND FOR AN EVIDENTIARY HEARING**

Now comes Defendant Karl R. Kaechele by his attorney, Harold Gurewitz, and respectfully requests that this Court (1) conduct an evidentiary hearing and (2) exclude all evidence of written journals and notes taken from the Defendant at his arrest and any admissions by the Defendant as evidence at trial based upon the "corroboration rule", sometimes referred to as the *"corpus delecti* rule", because such writings and statements lack independent and substantial corroboration.

Defendant Kaechele further relies upon the brief attached to this motion.

On March 16, 2006, this motion was described to counsel for the Government who declined to agree to the relief requested.

                              Respectfully Submitted,

                              **GUREWITZ & RABEN, PLC**

                By:    s/Harold Gurewitz
                      333 W. Fort Street, 11th floor

|  |  |
|---|---|
|  | Detroit, MI 48226 |
|  | (313) 628-4733 |
|  | Email:  hgurewitz@grplc.com |
| Date:March 22, 2006 | Attorney Bar Number:  14468 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

CASE #: 05-80441

vs.

HON. GERALD E. ROSEN

KARL R. KAECHELE, JR.
    DEFENDANT.

| | |
|---|---|
| AUSA John N. O'Brien, II | Harold Gurewitz (P14468) |
| U.S. Attorney's Office | Counsel for Defendant |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1100 |
| (313) 226-9715 | Detroit, MI 48226 |
| | (313) 628-4733 |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE JOURNALS AND ADMISSIONS AS EVIDENCE
AND FOR AN EVIDENTIARY HEARING**

**I.    INTRODUCTION**

The Government's evidence that Defendant Kaechele traveled in foreign commerce for the purpose of engaging in illicit sex is based on his admissions and writings the Government will attempt to attribute to the Defendant. The Government has no independent evidence to prove that his "purpose" for travelling in "foreign commerce" was specifically to engage in sex with persons under the age of 18, as alleged in the Indictment.

This Court should exercise its "gatekeeping function"[1] and exclude the journals, other writings, and any statements by the Defendant based upon the "corroboration rule", sometimes referred to the *"corpus delecti* rule". That rule provides that when the Government seeks to use the Defendant's out-of-court writings and admissions to prove the essential elements of the

---

[1] See FRE 104(a); *United States v. Bryce*, 203 F3d 346, 354 (2nd Cir., 2000). ("The corroboration requirement serves a gatekeeping function, preventing juries from convicting defendants on the basis of untrustworthy evidence").

crimes he is alleged to have committed, corroboration must be established by substantial independent evidence in order to permit introduction of the evidence before the jury. *Opper v. United States*, 348 US 84; 9175 S Ct 158; 99 LEd 2d 101 (1954).

Because the Government cannot establish substantial independent evidence to corroborate the seized evidence or statements made by Mr. Kaechele, the Court should rule before trial that all of the written evidence and oral statements seized or obtained from the Defendant should be excluded from evidence at trial based on the "corroboration rule" and not presented to the jury.

## II.   RELEVANT FACTS AND PROCEEDINGS

Karl R. Kaechele is named in a First Superseding Indictment. He is charged in Count 1 with violating 18 USC §2423(b) by "traveling in foreign commerce for the purpose of engaging in a commercial sex act as defined in Title 18, United States Code 1591 with another person, specifically a person who had not attained eighteen years of age" from February 1, 2005 until April 26, 2005. In Count 2, he is charged with violating the same statute by traveling in foreign commerce from January 15, 2004 until February 21, 2004 "for the purpose of engaging in illicit sexual conduct with another person as defined in 18 USC §2423(f)". In Count 3, he is charged with violating the same statute during the time period of June 1, 2004 through June 20, 2004 by traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person as defined by Title 18 United States Code 2423(f). It is central to the allegation in each count that the Defendant's purpose was to engage in sexual encounters with individuals under the age of 18 and not simply to engage in sexual encounters generally.

Mr. Kaechele was arrested on April 26, 2005 at Detroit Metropolitan Airport. He arrived

at approximately 1:40 p.m. on Northwest Flight #26. According to a government Report of Investigation, Mr. Kaechele had been travelling in Thailand, Viet Nam, Cambodia and the Philippines. The Report states that Mr. Kaechele answered all questions properly on his questionnaire required to be submitted upon his entry to the United States. He was found to be in possession of 80 tablets of Kamagra  He had one checked bag. According to the report, inspection of the bag disclosed three large journals containing information concerning travels and sexual encounters outside of the United States from as early as 1983 and nine packages of photographs[2]. According to the report, at about 3:00 p.m., he was interviewed a second time. At approximately 5:00p.m., agents conducted a pat-down search and located two small memo books. The Defendant's property was seized at the time of his arrest.

In total, the Government agents seized 3 journals, 9 packages of photos, 2 passports, 2 small memo books, 1 nude Internet photo, and other miscellaneous items, including KY Jelly, penicillin, and HIV lab results.

Mr. Kaechele was interviewed by agents O'Hare and Deaven. According to their notes, Mr. Kaechele told them that he resided in St. Petersburg, Florida, that the purpose of his travels outside of the United States was for tourism, that he had traveled outside of the United States 9 to 10 times over a period of 5 years, that all his sexual encounters were with persons over the age of 18, and that the entries in his journals were "nonsense". Further, according to the agents' notes, Mr. Kaechele acknowledged that the journals found in his luggage were his.

A search warrant was prepared, dated May 2, 2005, for the search of Mr. Kaechele's

---

[2] None of the photographs have been identified as individuals under the age of 18. The Government contends, however, that the journals identify sex partners, including age, and that some entries in the journals are indicated to be under the age of 18.

residence at 3754 12th Avenue, S, St. Petersburg, Florida. It was executed on May 6, 2005. A tower computer was seized. According to the agents' report of investigation, they believed that the computer contains child pornography and references to pornographic websites. The report does not particularly refer to the websites as child pornographic websites. Included in discovery provided to defense counsel on March 7, 2006, was a redacted form of Report of Investigation of the Department of Homeland Security, ICE, summarizing what appears to be a report of an interview with an unidentified individual who reported to the Government that he met Mr. Kaechele while sharing a cell with Mr. Kaechele at the Wayne County Jail. According to the report, Mr. Kaechele admitted having sex with 18 year olds and mentioned sex with younger girls.

**III.   DISCUSSION**

    **A.   THIS COURT SHOULD EXCLUDE EVIDENCE OF JOURNALS AND MEMO BOOKS SEIZED FROM THE DEFENDANT AND EVIDENCE OF HIS STATEMENTS BECAUSE THERE IS NO CORROBORATION THAT CAN BE ESTABLISHED BY SUBSTANTIAL INDEPENDENT EVIDENCE.**

Out of court statements of an accused used to show the essential elements of the crime are of the same character as a confession and corroboration is required. *Opper v. United States*, *supra*. Corroboration must consist of substantial evidence independent of the defendant's statements which tends to establish the whole of the corpus delecti. *Id* at 108; *United States v. Marshall*, 863 F2d 1285, 1287 (6th Cir., 1988) ("This Circuit has long followed the principle enunciated in *Opper* and *Smith*, that a defendant's extrajudicial, post-offense statements must be corroborated with independent evidence in order to assure reliability and truthfulness.").[3]

---

    [3] In *United States v. Lopez-Alvarez*, 970 F2d 583 (9th Cir., 1992), the court explained that the corroboration requirement is derived from *Opper* and *Wong Sun v. United States*, 371 US

In *Smith v. United States*, 348 US 147; 75 S Ct 194; 99 LEd 2d 192 (1954), the court applied the corroboration rule to the use of a net worth statement in a tax evasion prosecution. The defendant objected to the use of a net worth statement that was provided on his behalf to the Government prior to prosecution. It was his claim that the statement was not corroborated. The court concluded the corroboration rule applied to proof in a tax evasion prosecution. The "corroboration rule" applies to offenses where there is a non-tangible *corpus delecti*. *Id* at 154. Therefore, all admissions and writings attributed to the defendant used to prove the elements of the offense must be corroborated by independent evidence. See, *United States v. Daniels*, 528 F2d 705 (6th Cir., 1976); *united States v. Trombley*, 733 F2d 35 (6th Cir., 1984).

In *United States v. Irving*, 432 F3d 401 (2nd Cir., 2005), the court applied the corroboration rule to evidence of journals the defendant kept of his trip to Honduras. The journal was very much the same kind of evidence the Government intends to use against Defendant Kaechele. Irving was charged with violating the same statute as Defendant Kaechele, 18 USC §2243(b). The court concluded that Irving's journal should not have been admitted into evidence, and without the journal, there was insufficient evidence of guilt.

> "It is a well-established principle that a conviction in criminal law must stand on firmer ground than uncorroborated admission by defendant. Corroboration maintains sound law enforcement by requiring that police investigation of an alleged criminal offense extend beyond the words of the accused because proof of defendant's trip on the charged offense was insufficient, defendant's conviction on the Honduras counts cannot stand".

---

471; 9 LEd 2d 441; 83 S Ct 407 (1963). Pursuant to these cases, the prosecution first must establish that the criminal conduct, occurred and, second, it must introduce "independent evidence tending to establish trustworthiness of the admission, unless the confession is, by virtue of special circumstances, inherently reliable". *Id* at 593.

*Id* at 404.  The court's conclusion should be applied here and this Court should exclude Defendant Kaechele's journals, admission, and other statements or writings from evidence.

The defendant in *Irving* was the former chief pediatrician for the Middletown, New York school district.  He was convicted of attempted sexual abuse in 1983.  On February 23, 2004, he was convicted following a jury trial of two counts of traveling outside of the United States for the purpose of engaging in sexual acts with children under the age of 18 in violation of 18 USC §2423(b), one count of traveling outside of the United States for the purpose of engaging in sexual acts with children under the age of 12 in violation of 18 USC §2241(c), one count of receiving images of child pornography in violation of 18 USC §2252(A)(a)(2)(B) and one count of possessing child pornography in violation of 18 USC §2252(A)(a)(5)(B).  The court affirmed his convictions for traveling to Mexico in violation of 18 USC §2423(b) and possession of child pornography but it vacated his conviction on Counts 2 and 3 for traveling to Honduras in violation of 18 USC §2423(b) and §2241(c).

According to evidence presented at trial, Irving traveled to Acapulco to visit a guest house for sexual relations with Mexican boys.  The house was run by Robert Decker.  Mr. Decker was a witness at trial.  Decker testified that during Irving's visits, they discussed Irving's prior trips to Honduras and the boys he met there.  Some of Decker's testimony was corroborated by one of the boys who resided in the guest house.  There was also evidence that Irving provided Decker with Internet web addresses for sites containing child pornography and provided him with images of boys engaged in sexual acts with each other.  Decker also testified that Irving told him about his preference for underage boys for sex acts.

Irving was stopped by U.S. Customs Inspectors on May 27, 1998 passing through the

Dallas-Ft. Worth Airport. His luggage was searched and children's books and drawings were found. Also found was a disposable camera and two 3.5" computer diskettes which contained images of child erotica.

Irving was arrested five years later at his apartment in Brooklyn, New York on May 6, 2003. A computer was observed. A search warrant was obtained. The computer contained video files. The agents also discovered Irving's passport that evidenced a trip to Honduras on January 1, 1999 and bank records showing cash withdrawals from his account while in La Ceiba, Honduras. According to the Court,

> Although at trial, Irving never explicitly admitted to being in Honduras during this period, his personal journal covering those dates discuss a trip from the United States to Honduras and details his activities while there, particularly his luring of a 12-year-old boy back to his hotel with him and the sexual activities in which they engaged.

*Id* at p. 406.

According to the Court,

> The journal, employment records, bank statement, and passport, constitute all of the Government's evidence that Defendant travelled to Honduras and that he did so for the purpose of engaging in sexual acts with children.

The defendant challenged the evidence concerning the Honduras travel "because the only proof that appellant took this trip for the purpose of engaging in sexual acts with minors are the uncorroborated statements found in his travel journal. *Id*., p. 408.

The court agreed that the evidence offered by the government in support of the Honduras travel counts was insufficient, based upon the corpus delecti/corroboration rule.

The corpus delecti rule as described in *Irving*, applies to admissions and to exculpatory

statements. *Id.*, p. 408. "The modern corroboration rule requires only that there be 'substantial independent evidence which would tend to establish the trustworthiness of the statement'." *supra*, citing *United States v. Bryce*, 208 F3d 346, 354 (2000).

Further, "for purposes of the corroboration rule, there are two types of admissions, those that have insufficient indicia of reliability and those that support a finding of reliability". According to the court, examples of self-corroborating statements include those made prior to the commission of the crime, *see: Warszower v. United States*, 312 US 342, 347; 61 S Ct 603; 85 LEd 876 (1941), and statements made between co-conspirators in furtherance of their criminal activity. *United States v. Simmons*, 923 F2d 934, 954 (2nd Cir., 1991); *United States v. Pennell*, 737 F2d 521, 537 (6th Cir., 1984).

The court concluded that Irving's Honduras journal did not fall into the category of self-corroborating statements,

> . . . nor does its nature and context suggest that we should consider it self-corroborating. Although there may be some external indications the journal is reliable – primarily, Defendant's bank visit reflected in his bank record and his discussion of his visit to the bank in the journal in the same day, and the general detail and narrative quality of the journal – these indicia relate to the question of whether the journal was sufficiently corroborated, not to whether it was the type of statement that required no corroboration.

*Irving* at 409. It is not the level of detail that determines the reliability of an admission, particularly so in this case.

> For all the journal shows, the narrative of child molestation may as easily be a record of fantasies as of events that actually transpired. Thus, we conclude the journal falls into the category of admissions or confessions requiring corroboration."

 *supra.*

The government in *Irving* proffered the following evidence as corroboration of Irving's journal: "(1) Decker's testimony that Irving had sexual interest in young boys, that he traveled to foreign nations to act on those interests, and that Irving had discussed a prior trip to Honduras and the boys he met there with Decker; (2) Irving's employment records and his passport, which showed he travelled to Honduras on the relevant dates; (3) Irving's behavior on the Mexico trip; and (4) the bank record showing a withdrawal in La Ceiba, Honduras on January 4, 1999 corresponding to the journal entry on that date discussing a trip to the bank in La Ceiba." *supra*.

The court concluded, however, that the evidence proffered by the government as corroboration was insufficient. "Irving's statements to Decker and his prior writings cannot corroborate his Honduras journal because those statements themselves are uncorroborated admissions." *supra*. Further, "the passport and employment records are circumstantial evidence that Irving travelled to Honduras but alone they are insufficient to corroborate all the statements in his journal. Nor does Irving's behavior in Mexico corroborate the statements in his Honduras journal. Although the acts may be similar, those occurring in Mexico do not corroborate a writing discussing acts occurring in a different country at a different time." *supra*. The court concluded that the government proffered corroborative evidence to establish that the defendant traveled to Honduras but "failed to present any evidence corroborating the essential elements of this crime that were admitted in the journal. Absent such corroboration, the journal is not sufficiently corroborated 'to justify a jury inference of [it's truth], citing *United States v. Opper*, 348 US at 93." *Id* at 410.

**IV.   CONCLUSION**

The Government's evidence seized from the Defendant at the time of his arrest and

evidence that he made statements to Government agents or a cellmate should be excluded from evidence, before trial, based upon the "corroboration rule" because there is not independent and substantial corroboration of the "purpose" element of the offense charged in violation of 18 USC §2243(b) which requires proof that the Defendant's purpose in traveling in foreign commerce was to engage in sexual encounters with persons under the age of 18.

             Respectfully Submitted,

             **GUREWITZ & RABEN, PLC**

        By: s/Harold Gurewitz
           333 W. Fort Street, 11th floor
           Detroit, MI 48226
           (313) 628-4733
           Email:  hgurewitz@grplc.com
Date:March 22, 2006      Attorney Bar Number:  14468

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to: AUSA John N. O'Brien, II.

             s/Harold Gurewitz (P14468)
             Gurewitz & Raben, PLC
             333 W. Fort Street, Suite 1100
             Detroit, MI 48226
             (313) 628-4733
             email:  hgurewitz@grplc.com