UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 05-80441

v.        HON. GERALD E. ROSEN

KARL R. KAECHELE, JR.,

        Defendant.
_____/

**GOVERNMENT'S COMBINED RESPONSE AND BRIEF TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A COMPUTER SEARCH AND REQUEST FOR AN EVIDENTIARY HEARING**

The United States of America, by its undersigned attorneys, respectfully submits this response to "Defendant's Motion to Suppress Evidence Obtained from a Computer Search and Request for Evidentiary Hearing," filed on March 22, 2006.

**I**

**FACTUAL BACKGROUND**

On April 26, 2005, Karl Kaechele ("Kaechele" or "Defendant") entered the United States at Detroit Metropolitan Airport from Manila, Philippines via Northwest Flight 26. During his routine customs inspection, it was discovered that Defendant had nine packets of photographs, many of which depicted nude Asian females. On the backside of the photographs were handwritten notations of what appeared to be the females name, the date of the photograph, and a log number. Defendant also had several notebooks with detailed notes regarding this and other trips Defendant has made to Southeast Asia. The journals contained descriptions of sexual encounters while abroad,

including the date of the sexual encounter, a log number of the photograph taken of the nude female, the name of the female, her age, the money paid, and graphic comments about the sexual conduct. According to the log books, many of the females with whom Defendant had these sexual escapades were between seven and fifteen years of age.

Further search of Defendant's belongings revealed a personal travel list–dated the day of Defendant's departure from the United States–which included Viagra, KY jelly, and penicillin. Kaechele was also carrying Kamagra, a knock-off form of Viagra. Agents from the Immigration and Customs Enforcement interviewed Kaechele about his trips. Post-Miranda, Kaechele admitted to traveling to Southeast Asia nine times in the past five years. Kaechele stated that he takes numerous photographs of females while abroad, but does not bring back photographs of young girls because he is fearful of getting in trouble with customs officials. Kaechele acknowledged using his internet service from home to make arrangements for the overseas travel and to view nude images online.

An inquiry into the Treasury Enforcement Communications System revealed that Kaechele has spent nine of the previous twelve months in Southeast Asia, traveling there on four separate occasions. These travel dates are commensurate with the dates of his entries of sexual activity with young girls found in the log books seized at the airport. Thereafter, Defendant was charged with traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). The original Indictment has been twice superseded. Defendant now faces three counts of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, covering dates February 1, 2005-April 26, 2005 (count

1); January 31, 2004-February 21, 2004 (count 2); and June 1, 2004-June 20, 2004 (count 3).

**II**

**FACTUAL/PROCEDURAL BACKGROUND
RELATING TO THE SEARCH WARRANT**

On May 2, 2006, United States Magistrate Judge Thomas B. McCoun, III signed a Search Warrant authorizing the Department of Homeland Security to search the residence of Defendant. The Search Warrant was based on an "Application and Affidavit for Search Warrant" (the "Application" and the "Affidavit," respectively) submitted by Department of Homeland Security Special Agent James Rankin. The Application and the Search Warrant itself listed the property to be searched (Defendant's St. Petersburg, Florida home), as well as providing searching agents with a list of items to be seized. This list was found at Attachment B to the Search Warrant (and the Application), and its final version had several hand written changes made to it by Magistrate Judge McCoun. See generally Def. Exh. A at Att. B. The items to be seized in Attachment B included computers and related computer components; various documents; visual depictions of minors engaged in sexually explicit conduct; and, importantly, any and all material related to his most recent and previous travel in foreign commerce to engage in illicit sexual conduct.

Despite the fact that Attachment B called for seizure of material relating to Kaechele's travel in foreign commerce for the purpose of engaging in illicit sexual conduct–the crime Defendant was ultimately charged with violating–the Application for the Search Warrant did not specifically contain or reference that statute. Instead, the Application noted that the search of Defendant's residence would result in evidence of violations of child pornography laws. The Affidavit

accompanying the Application, however, dealt with both the child pornography laws and the offense of traveling in interstate/foreign commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b) ("section 2423(b)"). See Def. Mot. at Exh. B, ¶¶1-7, 24. Judge McCoun authorized the search based on the Application and Affidavit, making–as indicated above–several hand-written changes to Attachment B. Notably, Judge McCoun did not strike or alter Attachment B's call for seizure of material relating to Kaechele's foreign travel for the purpose of engaging in illicit sexual conduct with another person. See Def. Mot. at Exh. A, at Att. B, ¶7.

Thereafter, a search of Defendant's home resulted in evidence of his travels abroad to have sex with underage girls. Defendant now seeks to have any evidence obtained from this search suppressed.

### III

### ARGUMENT

Noting that the Application signed by Magistrate Judge McCoun only authorized searching for evidence relating to child pornography crimes, Defendant first contends that any evidence relating to the current charges against him must be suppressed as the authorizing judge did not find probable cause that Kaechele violated section 2423(b). See Def. Mot. at 13. Although Kaechele acknowledges that the Affidavit describes his violations of traveling in interstate or foreign commerce for the purpose of engaging in illicit sexual conduct, he claims that the Application's failure to properly incorporate the Affidavit renders any reference to section 2423(b) invalid and did not authorize agents to search for evidence relating to that offense. See Def. Mot. at 10, 12-13.

Defendant then seeks to have all evidence obtained from the search of his residence suppressed, claiming that no probable cause existed to authorize a search for evidence of any crime.

As explained below, it is clear that Judge McCoun found probable cause for the section 2423(b) offense, as evidenced by his handwritten notes to Attachment B.  Moreover, such a determination of probable cause was well-supported, given the facts contained in the Affidavit. Finally, the Affidavit also established probable cause to believe evidence of violations of child pornography laws would be found at Kaechele's residence as well.  Therefore, Defendant's motion to suppress should be denied on all fronts.

A.    Magistrate McCoun Here Found Probable Cause for Violations of Section 2423(b)

Defendant relies exclusively on the recent Sixth Circuit decision of United States v. Abboud, 438 F.3d 554 (6th Cir. 2006).  Dealing with nearly identical language in a search warrant, the Court there held that the government may not rely on evidence obtained in a search relating to crimes listed in an affidavit that do not appear on the application for the search warrant itself.  See id. at 568-69. In other words, only evidence of the crime or crimes listed in the Application for the Search Warrant was properly seized pursuant to the warrant issued in Abboud.  While at first blush Abboud appears to support Defendant's argument, it is distinguishable.

In Abboud, the defendant was charged with a variety of fraud offenses, including bank fraud (in violation of 18 U.S.C. § 1344), money laundering, tax fraud, and conspiracy.  Id.  When agents searched the defendant's home to uncover evidence of these crimes, they relied on a search warrant authorized by a magistrate judge.  "The face of the warrant application only listed one crime, violation of 18 U.S.C. § 1344, on which the search warrant was based. The problem, however, is the

affidavit incorporated to support the finding of probable cause for this single crime also listed additional offenses for which the affiant also found probable cause: violations of 18 U.S.C. §§ 341, 1343, 1956, 1957 and violations of 26 U.S.C. §§ 7201, 7203, 7206(1), 7206(2)." Id. at 568. Faced with what to do with this inconsistency, the Sixth Circuit erred on the side of requiring more particularity in the search warrant itself, and therefore held "that the magistrate approved the search warrant only with respect to the violation of 18 U.S.C. § 1344." Id. at 570-71.

In so holding, however, the Court attempted to determine whether the magistrate found probable cause for other offenses beyond section 1344 by looking at the possible scenarios that could account for the discrepancy between the affidavit and the application:

> Three possible scenarios exist as to the magistrate's treatment of the additional violations listed in the affidavit. Under scenario one, the magistrate reviewed the additional violations listed in the affidavit but not on the face of the warrant and found that the government had shown probable cause for each of the additional violations. She then either felt that the incorporation clause was sufficient to incorporate these additional violations or she failed to recognize that the additional violations were not listed on the face of the warrant. Under scenario two, the magistrate reviewed the additional violations and found that the government had not shown probable cause for any of the additional violations but had shown probable cause for violation of 18 U.S.C. § 1344. She then noticed that the face of the warrant only listed that violation, and that the incorporation clause only pertained to the probable cause for that violation. She signed the warrant, believing that the basis of the warrant was solely the violation of 18 U.S.C. § 1344. Under scenario three, the magistrate did not review the additional violations and the asserted probable cause in the affidavit because the face of the warrant only listed 18 U.S.C. § 1344.
>
> We cannot say that one scenario is more likely than the others. The government may argue that Attachment B, listing items to be seized, indicates that the magistrate found probable cause with respect to the other violations; for example, the list includes "copies of all tax returns prepared on behalf of the above mentioned businesses and individuals," so that the list evidences that the magistrate found probable cause with respect to the tax violations. This item, however, can also be construed as evidence of a violation of 18 U.S.C. § 1344, bank fraud. In other words,

> the government sought these income tax returns not to show the individual Defendants violated income tax laws, but to show disparities between paper and actual wealth as evidence of the check kiting scheme. In fact, all of the evidence of these additional crimes could also be construed as evidence of bank fraud.
>
> The point is that we can only speculate as to whether the magistrate found probable cause with respect to the additional violations listed in the affidavit. This Court will not uphold a search warrant based on such tenuous ground.

Id. at 569-570. What makes Kaechele's case different from Abboud is that this Court need not speculate as to whether the magistrate found probable cause for section 2423(b) as some of the information contained in Attachment B cannot be construed as evidence of a violation of child pornography. In other words, Abboud noted that the tax returns listed for seizure by its Attachment B could "also be construed as evidence of [bank fraud, the statute listed in the application for search warrant]," and therefore the Court could "only speculate as to whether the magistrate found probable cause with respect to the additional violations listed in the affidavit." Id. The same cannot be said for the information contained in Attachment B, paragraphs 1, 6, and 7, here.

The first paragraph of Attachment B calls for seizure of computer evidence that may be "used to book online foreign travel and to store or view images of the illicit activity." Def. Mot. at Exh. A, Att. B, ¶1. In the original Attachment B, the misnumbered paragraph 6 called for seizure of "[a]ny and all visual depictions of minors." Def. Mot. at Exh. A, at Att. B (original computer print). In the Search Warrant that was actually signed by Judge McCoun (see Def. Mot. at Exh. A, at Att. B (handwritten notes)), he added the language "depicting child pornography or children engaged in sexually explicit conduct or log books reflecting the same." As for paragraph 7 in the approved-of Attachment B, Judge McCoun left undisturbed the language calling for seizure of "any

and all material related to [Kaechele's] most recent and previous travel in foreign commerce to engage in illicit sexual conduct." Def. Mot. at Exh. A, at Att. B, ¶7. Unlike the tax documents in Abboud, the online foreign travel information referenced in paragraph 1, the log books referenced in paragraph 6, and all of the information contained in paragraph 7 have nothing to do with child pornography, but rather deal only with the foreign travel charge. Paragraph 7 even mirrors the language of section 2423(b), "travel in foreign commerce to engage in illicit sexual conduct." See 18 U.S.C. § 2423(b).[1]

Given that the magistrate allowed for seizure of evidence that does not relate to child pornography, but does relate to (and in fact tracks the language of) section 2423(b), he necessarily found probable cause for the crime of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct. Accordingly, this case is distinguishable from Abboud.

B.      Probable Cause Existed as to Both Section 2423(b) and Child Pornography

The next issue is whether there was probable cause to justify the issuance of the Search Warrant. As indicated above, not only does the Search Warrant permit the search of Kaechele's residence for evidence of child pornography violations, but also for evidence of traveling in interstate/foreign commerce to engage in sexually illicit conduct, in violation of section 2423(b). Defendant contends that the Affidavit failed to establish probable cause to search for evidence of child pornography crimes or for any other offense listed in the Affidavit. See Def. Mot. at 14.

---

1.      It is also important to note that unlike Abboud, where the affidavit listed a myriad of other crimes for which the agents would be searching and therefore would have required the court to review for a multitude of offenses, this case involves only references to child pornography laws and section 2423(b).

We disagree.

### 1.     Probable Cause to Search: General Principles

A search warrant may be issued only "upon probable cause, supported by Oath or affirmation."  U.S. Const. Amend. IV.  The neutral and detached magistrate charged with determining whether probable cause exists must decide if, under the totality of the circumstances and using a "practical" and "common sense" analysis, "there was a fair probability that contraband or evidence of a crime will be found at a particular place."  Illinois v. Gates, 462 U.S. 213, 238, 246 (1983).  When reviewing the decision of the magistrate, this Court must show "great deference" to the issuing magistrate, avoiding a hypertechnical line-by-line critique of an affidavit.  See id. at 236; see also United States v. Leon, 468 U.S. 897, 914 (1984); United States v. Pelham, 801 F.2d 875, 877 (6th Cir. 1986).  A magistrate's determination of probable cause should be upheld so long as the magistrate had a "substantial basis" for concluding that the search would lead to evidence of a crime.  See Pelham, 801 F.2d at 877-78.

When measured against this deferential standard, it becomes clear that the Affidavit provided probable cause to search Kaechele's residence for violations of both section 2423(b) and section 2252A.

### 2.     Probable Cause to Search: Section 2423(b)

Paragraph 4 of the Affidavit describes Kaechele's interaction with the customs officials at Detroit Metropolitan Airport during his return trip from Southeast Asia on April 26, 2005.  Kaechele had in his possession notebooks detailing his sexual conquests during this current and previous trips

9

to Southeast Asia.  See Def. Mot. at Exh. B ¶4.  These notebooks contained graphic comments regarding the sexual conduct he engaged in while abroad, typically with girls aged 8-15.  See id. In addition, Kaechele had several photographs of naked women, with information written on the back of the pictures that corresponded to the information contained in the notebooks.  See id.

Just through paragraph 4, therefore, the magistrate knew that Kaechele had (i) traveled to Southeast Asia during the previous 90 days; (ii) wrote detailed notes about having sex with minors; and (iii) kept log books of his escapades that corresponded to photographs of his victims.  This information alone establishes probable cause that the violation of section 2423(b) took place.

The subsequent paragraphs tied in the significance of Kaechele's residence and his computer to the crime, demonstrating that evidence regarding violations of section 2423(b) would be found at the home Kaechele's home.  Specifically, Kaechele admitted to using his home computer to make online travel reservations and to viewing nude images on the internet.  See Def. Mot. at Exh. B, ¶6. The magistrate thus knew that Kaechele utilized his home computer to make reservations for his trips to Southeast Asia, trips the magistrate knew from the first four paragraphs of the Affidavit that involved allegations of sexual conduct with minors.  There was therefore ample probable cause to search Defendant's residence for evidence of the crime of traveling abroad to engage in sexually illicit conduct with another person.

      3.      Probable Cause to Search: Section 2252A

Much of the Affidavit deals with child pornography crimes, defining key terms relevant to such crimes, describing the importance of computers in distributing child pornography, and proposing how to most completely search a computer.  See generally Def. Mot. at Exh. B, ¶¶11-23.

Defendant contends that there was no probable cause to believe that any child pornography crime took place.

Although no charges of child pornography laws were levied against Kaechele, there were several facts supporting probable cause to believe he may have been engaged in such conduct. First, Defendant's notebooks detail–graphically–the sexual abuse of multiple girls overseas. See Def. Mot. at Exh. B, ¶6. Second, Defendant possessed several photographs (some nude) of his sexual partners, which depicted females whom he claimed were all of age. See id. Third, Defendant admitted "that he takes numerous photographs of females while abroad, but indicated that he does not bring back photos of young girls with him for fear of getting in trouble with U.S. Customs." See id. Defendant does not disclaim taking pictures of young girls, or disavow such conduct, but rather only claims not to physically transport them back to the United States. Fourth, Kaechele acknowledged using the internet to look at nude images and to using email. See id. Finally, Kaechele's notebooks contained information about sexual involvement with females of unknown ages in Florida. See id.

To summarize this information: Kaechele engages in sexually explicit conduct with children; photographs females (sometimes nude) and writes information on these photographs that correspond to his log books; uses the internet and email; and engages in sexual conduct (of an unknown variety but apparently notebook-worthy) in his home state of Florida. More succinctly, the magistrate had before him information detailing a computer-savvy, photograph-taking individual, who in writing, detailed his sexual exploits with children. It was reasonable for Judge McCoun to reach the conclusion that Kaechele may have had illicit pictures in his home.

Further supporting this conclusion are the agent's descriptions of common behaviors of child pornographers. See generally Def. Mot. at Exh. B, ¶¶13-19. With the advent of computers and the internet, "collectors and distributors of child pornography [] use online resources to retrieve and store child pornography . . . . A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer." Def. Mot. at Exh. B, ¶18. Given that Kaechele's activities stretched halfway around the world, it is important to note that the Affidavit reminded the judge that "[e]lectronic contact can be made to literally millions of computers around the world." Id. at ¶15. "A judicial officer may give considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Lawson, 999 F.2d 985, 987 (6th Cir. 1993) (internal quotations and citations omitted).

There was probable cause to believe that Defendant, a prolific pedophile, kept some of his trophy photographs at places other than on his person; namely, on his computer or in his home. Affording Judge McCoun the "great deference" which the law requires be given him, and utilizing a "practical" and "common sense" analysis, "there was a fair probability that contraband or evidence of" child pornography were going to be found at Kaechele's residence. His motion to suppress should be denied.

C.     The Search Warrant Was Not Overbroad

Lastly, Defendant claims that the search warrant was "overbroad for failure to particularly

describe the files" to be searched. Def. Mot. at 14. Defendant contends that because information relating to foreign travel reservations would "typically . . . be contained in temporary internet storage files," the search warrant should have been limited to such areas. See Def. Mot. at 14. Relying principally on a Harvard Law Review article and some Tenth Circuit cases, Defendant maintains that a search warrant dealing with computers should not only establish probable cause to search those devices, but should also "provide particularized description of the digital information which is to be examined during a forensic examination by opening and viewing closed files." Def. Mot. at 15. Defendant misunderstands the particularity requirement and relies on distinguishable case law.

"It is well settled that items to be seized pursuant to a search warrant must be described with particularity to prevent 'the seizure of one thing under a warrant describing another.'" United States v. Blair, 214 F.3d 690, 697 (6th Cir. 2000) (quoting Marron v. United States, 275 U.S. 192, 196 (1927)); see also Andresen v. Maryland, 427 U.S. 463, 480 (1976). However, the degree of specificity in a warrant must be flexible, depending upon the type of items to be seized and the crime involved. See Blair, 214 F.3d at 697 (citing United States v. Ables, 167 F.3d 1021, 1033 (6th Cir. 1999)). A warrant sufficiently particularizes the place to be searched if the executing officers "can with reasonable efforts ascertain and identify the place intended." Steele v. United States, 267 U.S. 498, 503 (1925). "Thus[,] a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." Id.

Under these precedents, the search warrant here contained valid particularity. The warrant called for seizure of images depicting child pornography or children engaged in sexually explicit conduct (which was changed by Magistrate Judge McCoun from seizure of all images of minors).

13

See Def. Mot. at Exh. A, Att. B. Additionally, the warrant called for seizure of material relating to Defendant's travel abroad for the purpose of engaging in illicit sexual conduct. This, necessarily, would include reservations made via computer, documents relating to the same, and other forms of communication relating to Defendant's trip. Thus, the search warrant called for seizure of unlawful images, documents, and computer data relating to his overseas travel. Seizure of this differing type of information was justified by probable cause (as explained above) and could not simply be conducted at Kaechele's residence. Accordingly, search and seizure of the entire computer was appropriate.

The Fourth Amendment has never required that the Government obtain a court's permission on the protocol of how it will conduct its search. Rather, the Fourth Amendment speaks to the particularity of the objects to be searched/seized. While it may be easier to parse out which particularly areas of a computer may contain evidence of crimes than it would be for some physical objects, the law does not require such detail.

Defendant's reliance on United States v. Carey, 172 F.3d 1268, 1270 (10th Cir. 1999), is misplaced. In Carey, the original warrant authorized a search of the computer for evidence related to illegal drug sales. But, when the officers found evidence of another crime–possession of child pornography–the Tenth Circuit held that another warrant was needed to search for this evidence, which was beyond the scope of the original warrant. See id. at 1271, 1273-74 ("It is plainly evident each time [the officer] opened a subsequent JPG file, he expected to find child pornography and not material related to drugs. . . . Under these circumstances, we cannot say the contents of each of those files were inadvertently discovered."). Unlike Carey, the warrant here covered both child

pornography crimes and section 2423(b), thus another warrant was unnecessary. Unlike the officer in Carey, the officers here did not expand the scope of their search in a manner not authorized by the warrant. See also United States v. Campos, 221 F.3d 1143, 1147-48 (10th Cir. 2000) (relying on information contained in the affidavit (which is similar to the Affidavit in this case) about the difficulties in searching computers for child pornography to justify search and seizure of a computer in a child pornography case).

D.    The Good Faith Exception

Lastly, even if the warrant was overbroad or lacked probable cause, suppression should not result because of the good faith exception to the exclusionary rule outlined in United States v. Leon, 468 U.S. 897, 918-21 (1984). The good faith exception states that the fruits of a constitutionally infirm search need not necessarily be suppressed unless: (1) the warrant contained a knowing or reckless falsehood; (2) the issuing judge acted as a mere "rubber stamp" for the police; or (3) the warrant and the affidavit, even after extending appropriate deference to the issuing judge's determination, did not establish probable cause or possessed a technical deficiency such that the executing officers cannot reasonably assume the warrant to be valid. See Leon, 468 U.S. at 922-23.

Here, Defendant has not alleged any knowing or reckless falsehood in the warrant. Nor is there any evidence that Magistrate McCoun acted as a "rubber stamp." In fact, the opposite is true, given the significant edits and additions made by the judge to Attachment B of the Search Warrant. See generally Def. Mot. at Exh. A, Att. B. Finally, there is nothing to suggest that this warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Schultz, 14 F.3d 1093, 1098 (6th Cir. 1994). This being the case, the officers' good faith reliance on the warrant in executing the search was, indeed, reasonable.

## IV

## CONCLUSION

The Government concedes that the Search Warrant authorized by Judge McCoun was not flawless. However, it did not rise to the level of being constitutionally infirm, nor were any of the limited error's sufficient to result in the suppression of evidence seized in connection with the warrant's execution. Defendant's "Motion to Suppress Evidence Obtained from a Computer Search and Request for Evidentiary Hearing" must be denied.

    Respectfully submitted,

    STEPHEN J. MURPHY
    United States Attorney

    s/JOHN O'BRIEN

    JOHN O'BRIEN (P39912)
    Assistant U.S. Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    John.OBrien@usdoj.gov
    (313) 226-9715

    s/KEVIN M. MULCAHY

    KEVIN MULCAHY (CA-211955)
    Assistant U.S. Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    Kevin.Mulcahy@usdoj.gov
    (313) 226-9713

Date: May 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Harold Gurewitz, Esq.

s/John N.O'Brien II

JOHN N. O'BRIEN II
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9715
**E-mail**:  john.obrien@usdoj.gov

**s/KEVIN M. MULCAHY**

KEVIN MULCAHY (CA-211955)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
**E-mail: Kevin.Mulcahy@usdoj.gov**
(313) 226-9713