UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    CRIMINAL NO. 05-80441

v.                                        HON. GERALD E. ROSEN


KARL R. KAECHELE, JR.,

                    Defendant.

_____/

**GOVERNMENT'S COMBINED RESPONSE AND BRIEF TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE JOURNALS AND ADMISSIONS
AS EVIDENCE AND FOR AN EVIDENTIARY HEARING**

The United States of America, by its undersigned attorneys, respectfully submits this

response to Defendant's "Motion in Limine to Exclude Journals and Admissions as Evidence and

for an Evidentiary Hearing," filed on March 22, 2006.

**I**

**FACTUAL BACKGROUND**

On April 26, 2005, Karl Kaechele ("Kaechele" or "Defendant") entered the United States

at Detroit Metropolitan Airport from Manila, Philippines via Northwest Flight 26.  During his

routine customs inspection, it was discovered that Defendant had nine packets of photographs, many

of which depicted nude Asian females.  On the backside of the photographs were handwritten

notations of what appeared to be the females name, the date of the photograph, and a log number.

Defendant also had several notebooks with detailed notes regarding this and other trips Defendant

has made to Southeast Asia.  The journals contained descriptions of sexual encounters while abroad,

including the date of the sexual encounter, a log number of the photograph taken of the nude female, the name of the female, her age, the money paid, and graphic comments about the sexual conduct. According to the log books, many of the females with whom Defendant had these sexual escapades were between seven and fifteen years of age.

Further search of Defendant's belongings revealed a personal travel list–dated the day of Defendant's departure from the United States–which included Viagra, KY jelly, and penicillin. Kaechele was also carrying Kamagra, a knock-off form of Viagra.  Agents from the Immigration and Customs Enforcement interviewed Kaechele about his trips.  Post-Miranda, Kaechele admitted to traveling to Southeast Asia nine times in the past five years.  Kaechele stated that he takes numerous photographs of females while abroad, but does not bring back photographs of young girls because he is fearful of getting in trouble with customs officials.  Kaechele acknowledged using his internet service from home to make arrangements for the overseas travel and to view nude images online.

An inquiry into the Treasury Enforcement Communications System revealed that Kaechele has spent nine of the previous twelve months in Southeast Asia, traveling there on four separate occasions.  These travel dates are commensurate with the dates of his entries of sexual activity with young girls found in the log books seized at the airport.  Thereafter, Defendant was charged with traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b).  The original Indictment has been twice superseded. Defendant now faces three counts of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, covering dates  February 1, 2005-April 26, 2005

2

(count 1); January 31, 2004-February 21, 2004 (count 2); and June 1, 2004-June 20, 2004 (count 3).

## II

## ARGUMENT

Defendant contends that "evidence seized from the Defendant at the time of his arrest and evidence that he made statements to Government agents or a cellmate should be excluded from evidence, before trial, based upon the 'corroboration rule' because there is not independent and substantial corroboration of the purpose element of the offense charged." Def. Mot. at 10.  At this time, we offer two responses.  First, Defendant's motion essentially amounts to a Rule 29 Motion for Acquittal before the Government has offered any evidence.  The "corroboration rule" line of cases cannot, and does not, serve to support pretrial motions to suppress evidence.  Accordingly, the premature motion should be denied.  Second, the notebooks in questions do not fall under the "corroboration rule" in any event, as the statements contained therein were not made to law enforcement personnel <u>after</u> the commission of the crime, but rather written by Defendant <u>during</u> his criminal activity.  With the "corroboration rule" offering no relief to Defendant for the information contained in the notebooks, it follows then that the statements made by Defendant after his criminal activity have viable corroboration in the form of the notebooks.  Therefore, Defendant's motion should be denied for this independent reason.

A.      <u>The Corroboration Rule Does Not Apply to the Admissions in the Notebooks</u>

The admissions or confessions of a criminal defendant that are obtained <u>subsequent to the completion of a criminal act</u> must be corroborated by some independent evidence to insure the reliability of the statements.  See <u>Opper v. United States</u>, 348 U.S. 84, 90 (1954).  In the instant case,

the corroboration rule cannot justify suppression of evidence or dismissal of the Indictment because the majority of the statements at issue were made during the commission of the offense, not after the fact.

The Supreme Court has long held that the corroboration rule only applies to statements made after the commission of the offense.  In <u>Warszower v. United States</u>, 312 U.S. 342, 347 (1941), the Court held that "[t]he rule requiring corroboration of confessions protects the administration of the criminal law against errors in convictions based upon untrue confessions alone.  Where the inconsistent statement was made prior to the crime, this danger does not exist.  Therefore, we are of the view that such admissions do not need to be corroborated. They contain none of the inherent weaknesses of confessions or admissions after the fact."  Given the rule's rationale–which is based on the unreliability of confessions alone serving as the proof of guilt–such a limitation on the applicability of the rule makes sense.  <u>See accord</u> <u>Smith v. United States</u>, 348 U.S. 147, 154 (1954) (applying the rule to statements made by a defendant, even if not amounting to a full confession, where such statements are made "after the fact to an official charged with investigating the possibility of wrongdoing").

The Sixth Circuit has held that statements made <u>during</u> the commission of an offense likewise fall beyond the reach of the rule.  In <u>United States v. Pennell</u>, 737 F.2d 521 (6th Cir. 1984), the Court recognized, "[b]efore proceeding, it must be noted that the courts have distinguished between a defendant who admits facts sufficient to establish an element of a crime after the crime has been committed and a defendant who admits similar facts before, or during the commission of, a crime.  The defendant's out-of-court admission must be corroborated in the former situation, but

need not be corroborated in the latter instance." <u>Id.</u> at 537 (citations omitted).  Other circuits agree.

<u>See</u> <u>Government of the Virgin Islands v. Hoheb</u>, 777 F.2d 138, 142 (3d Cir. 1985) ("Admissions

made before a crime occurred need not be corroborated, and . . . recent cases have extended this

holding to apply to statements made during the course of a conspiracy."); <u>United States v. Soteras</u>,

770 F.2d 641, 644 n.4 (7th Cir. 1985) (noting that no corroboration is required for statement "made

during the course of the conspiracy rather than after it was over. . . . The rule of corroboration exists

to prevent errors in convictions based upon untrue confessions alone, whether voluntary or

involuntary. . . . The rule thus does not apply to statements made prior to or during the commission

of the crime, when that danger does not exist.") (citations omitted); <u>United States v. Head</u>,

546 F.2d 6, 9 (2nd Cir. 1976) ("The admissions made by [the criminal defendant] in his taped

conversation . . . were made during the course of the alleged conspiracy, rather than after its

consummation, and may be sufficient to establish [his] guilt even without corroboration."), <u>cert.</u>

<u>denied sub nom.</u> <u>Wheaton v. United States</u>, 430 U.S. 931 (1977); <u>Buford v. United States</u>, 272 F.2d

483, 486 n. 1 (8th Cir. 1959) ("Because appellant's admissions in this case were made during the

course of the crime rather than after its consummation, they may suffice to convict, even though they

are uncorroborated, if they establish the crime charged.").

 In analyzing the rule requiring corroboration, it has been held that the rule stems from the

need to avoid convictions based on confessions induced or coerced during police investigations, or

on other involuntary statements made under the stress of the events at the time.  <u>See</u> <u>Smith</u>, 348 U.S.

at 153.  An admission made while a crime is in progress is not burdened by the same indicia of

unreliability.  <u>See</u> <u>Hoheb</u>, 777 F.2d at 142.  Here, the crime of traveling in foreign commerce for the

purpose of engaging in illicit sexual conduct with another is a continuing offense that begins upon

interstate travel, and ends when the either the traveling ends or, as in this case, when the defendant

is apprehended by law enforcement.  See 18 U.S.C. § 3237(a) ("Any offense involving the use of

the mails, transportation in interstate or foreign commerce, or the importation of an object or person

into the United States is a continuing offense . . . .").  Because of the continuing nature of the

offense, when Kaechele was in Southeast Asia writing the journal logs that were eventually seized

from him in Detroit, he was making statements/admissions during the course of the offense.

Accordingly, under Warszower, Pennell, and the other cases cited above, the corroboration rule does

not apply to those statements.  The same is true for the notebooks found at Defendant's residence

in Florida.

As the notebooks provide substantial evidence, independent of any post-offense statements

made by Defendant, the motion to suppress evidence based on the corroboration rule should be

denied.

B.      Defendant's Reliance on *Irving* Is Misplaced

Kaechele relies extensively on United States v. Irving, 432 F.3d 401 (2d Cir. 2005).  Irving

is distinguishable for several reasons.  First, Irving was a sufficiency of the evidence case, where

the court could evaluate the Government's evidence after it had been presented to the jury.

Here, Defendant would have this Court undertake a sufficiency of the evidence analysis before

receiving any evidence, an impossible and unnecessary task.

Second, the Government respectfully suggests that Irving stands on flawed legal analysis.

As explained in detail above, the corroboration rule does not apply to statements made during the

course of criminal activity.  See United States v. Pennell, 737 F.2d 521 (6th Cir. 1984).  While the

Irving court seemed to acknowledge this rule, it failed to apply it to their case.  Instead, the court,

without analysis, simply held that the statements did "not fall into any of the previously existing

categories of self-corroborating statements."  See Irving, 432 F.3d at 408.  The majority opinion in

Irving seemed satisfied with the Government's proof that the defendant traveled to Honduras, but

found the evidence of intent to engage in sexually explicit conduct lacking.  See id. at 410 ("If the

crime charged was travel to Honduras, the government's proffered corroborative evidence might

well have been sufficient . . . .").  As the dissent noted, however, "[b]y requiring further

corroboration, the majority unnecessarily risks adding complication to the already-difficult task of

prosecuting intent-based crimes."  Id. at 418 (Cabranes, J., dissenting).      Indeed, proving intent-

based crimes is a difficult task, one this Court should not make more difficult by relying on the ill-

reasoned decision in Irving.

　　　Finally, notwithstanding the erroneous decision in Irving, and assuming that this court

concludes that a pre-trial evaluation of the facts in this case is appropriate, the United States

contends that the character of the evidence in that case was significantly less compelling than that

which exists in Kaechele's case.  In Irving, the defendant traveled to Mexico in 1998.  In 2003,  at

the time of his arrest on those charges, a search of Irving's home was conducted.  During a search

of Irving's computer, an on line journal detailing a trip to Honduras was discovered.  Among other

things, the writings contained reference to inappropriate sexual conduct with male children.  The

other evidence developed included passport entries to Honduras on relevant dates, vacation records

from work, and an ATM withdraw.  There was no evidence beyond the journal entries that suggested

7

a sexual purpose to the travel.  The Second Circuit Court of Appeals in <u>Irving</u> concluded that the journal entries were not properly corroborated.

Here, Defendant had (i) multiple explicit photographs that were cataloged and corresponded to specific journal entries, (ii) journal entries from periods prior to the trip and from the current travel, (iii) a list of items to bring on the trip that included sexual-based items, such as Viagra and KY Jelly, (iv) a certificate for AIDS testing, and, most importantly, (v) the journals and all of the related evidence were in Kaechele's immediate possession at the conclusion of the travel which forms the basis of the charges.  Moreover, the countries to which Defendant Kaechele traveled are well known for the sex-tourism trade as relates to adults and children.   Requisite intent may be inferred from evidence of the nature of the destined environment and subsequent conduct of the parties.  <u>United States v. Sapperstein</u>, 312 F.2d 694 (4th Cir 1963).

C.     Defendant's Motion Is Premature

As a final matter, Defendant's motion is premature.  The corroboration rule serves to "prevent errors in convictions based upon untrue confessions alone."  <u>Warszower v. United States</u>, 312 U.S. 342 (1941).  The corroboration rule's rationale lies in a long history of judicial experience with confessions and their unreliability.  Such experience, the Supreme Court has noted, "is not shared by the average juror," and therefore the rule justifies "a restriction on the power of the jury to convict."  <u>Smith v. United States</u>, 348 U.S. 147, 153 (1954).  Because the rule is a limitation on the power of juries to convict, it does not follow that the rule could be properly made pretrial, before the Government has even presented its case.

The motion should be denied as premature.

## III

## CONCLUSION

For the aforementioned reasons, Defendant's "Motion in Limine to Exclude Journals and

Admissions as Evidence and for an Evidentiary Hearing," must be denied.

> Respectfully submitted,
>
> STEPHEN J. MURPHY
> United States Attorney
>
> s/JOHN O'BRIEN
>
> JOHN O'BRIEN (P39912)
> Assistant U.S. Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226
> (313) 226-9715
>
> s/KEVIN M. MULCAHY
>
> KEVIN MULCAHY (CA-211955)
> Assistant U.S. Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226
> (313) 226-9713

Date: May 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006, I electronically filed the foregoing document with

the Clerk of the Court using the ECF system which will send notification of such filing to the

following:

Harold Z. Gurewitz, Esq.


s/Kevin Mulcahy
KEVIN M. MULCAHY
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9713
E-mail: Kevin.Mulcahy@usdoj.gov